IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**JOE HAND PROMOTIONS, INC.**
407 E. Pennsylvania Blvd
Feasterville, Pennsylvania 19053

      Plaintiff,

      vs.

**WILLIAM T MAUPIN**
**Individually and as the alter ego**
**of THE WELL & PATIO**
**4851 Shannon Way**
**Middletown, Ohio 45042**

And

**TBOD LLC, Individually and as the alter ego**
**of THE WELL & PATIO**
**4371 S. Dixie Highway**
**Middletown, Ohio 45005**

      Defendants.

Case No.: 1:18-cv-375

**COMPLAINT**

**PLAINTIFF ALLEGES:**

### **JURISDICTION**

1.     Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the District Courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, exhibition, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of Ohio

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of Ohio because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the Western Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Butler County and/or the United States District Court for the Southern District of Ohio has decided that suits of this nature, and each of them, are to be heard by the Courts in this particular Division.

## THE PARTIES

6. Plaintiff, Joe Hand Promotions, Inc. is, and at all relevant times mentioned was, a Pennslyvania corporation with its principal place of business located at 407 E. Pennsylvania Blvd, Feasterville, PA 19053.

7. Defendant WILLIAM T MAUPIN is or at the relevant times was the principal owners, managing members and operators of Defendant, TBOD LLC and through that company operated the commercial establishment doing business as THE WELL & PATIO, which is or was operating at 4371 S. Dixie Highway Middletown, Ohio 45005.

8. Defendant WILLIAM T MAUPIN is also the individual specifically identified on the Ohio Department of Liquor License issued for THE WELL & PATIO, as Member.

9. Plaintiff is informed and believes, and alleges thereon that on AUGUST 26, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendants WILLIAM T MAUPIN had the right and ability to supervise the activities of THE WELL & PATIO, which included the unlawful interception of Plaintiff's *Program.*

10. Plaintiff is informed and believes, and alleges thereon that on AUGUST 26, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendant WILLIAM T MAUPIN as the individual specifically identified on the liquor license for THE WELL & PATIO, and Defendant TBOD LLC as the corporate operator of THE WELL & PATIO all had the obligation to supervise the activities of THE WELL & PATIO, which included the unlawful interception of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the liquor license was not used in violation of law.

11. Plaintiff is informed and believes, and alleges thereon that on AUGUST 26, 2017 (the night of the *Program* at issue herein, as more specifically defined in paragraph 16), Defendants WILLIAM T MAUPIN and/or TBOD LLC specifically directed the employees of THE WELL & PATIO to unlawfully intercept and broadcast Plaintiff's

*Program* at THE WELL & PATIO or that the actions of the employees of THE WELL & PATIO are directly imputable to Defendant WILLIAM T MAUPIN and TBOD LLC by virtue of their acknowledged responsibility for the actions of THE WELL & PATIO.

12. Plaintiff is informed and believes, and alleges thereon that on AUGUST 26, 2017, Defendant WILLIAM T MAUPIN had an obvious and direct financial interest in the activities of THE WELL & PATIO, which included the unlawful interception of Plaintiff's *Program.*

13. Plaintiff is informed and believes, and alleges thereon that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendants WILLIAM T MAUPIN and TBOD LLC resulted in increased profits for THE WELL & PATIO.

14. Plaintiff is informed and believed, and alleges thereon that Defendant WILLIAM T MAUPIN as the individual with dominion, control, oversight and management of the commercial establishment doing business as THE WELL & PATIO.

## COUNT I

### (Violation of Title 47 U.S.C. Section 605)

15. Plaintiff Joe Hand Promotions, Inc., hereby incorporates by reference all of the allegations contained in paragraphs 1-14, inclusive, as though set forth herein at length.

16. Pursuant to contract, Plaintiff Joe Hand Promotions, Inc., was granted the exclusive nationwide commercial distribution (closed-circuit) rights to Floyd Mayweather v Conor McGregor Fight Program, that was telecast via pay-per view nationwide on Saturday, AUGUST 26, 2017 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

17. Pursuant to contract, Plaintiff Joe Hand Promotions, Inc., entered into subsequent

sublicensing agreements with various commercial entities throughout North America, including entities within the State of Ohio by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the *Program* within their respective commercial establishments in the hospitality industry (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

18. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff Joe Hand Promotions, Inc., expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its customers, the aforementioned commercial entities.

19. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, each and every one of the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 7-14 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment in Middletown, Ohio.

20. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by each of the Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain.

21. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission of the *Program* for which Plaintiff Joe Hand Promotions, Inc., had the distribution rights thereto).

22. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

23. By reason of the Defendants' violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff Joe Hand Promotions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 605.

24. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff Joe Hand Promotions, Inc., is entitled to the following from each Defendant:

    (a)    Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i); and also

    (b)    Statutory damages for each willful violation in an amount up to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (c)    the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II
**(Violation of Title 47 U.S.C. Section 553)**

25. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-24, inclusive, as though set forth herein at length.

26. The unauthorized interceptions, reception, publication, divulgence, display, and/or exhibition of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. Section 553, *et seq.*

27. By reason of the aforesaid mentioned conduct, the aforementioned Defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

28. By reason of the Defendants' violation of Title 47 U.S.C. Section 553, *et seq.,* Plaintiff Joe Hand Promotions, Inc., has the private right of action pursuant to Title 47 U.S.C. Section 553.

29. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. Section 553, Plaintiff Joe Hand Promotions, Inc., is entitled to the following from each Defendant:

(a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

(b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

(c) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C); and also

(b) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III
### (Copyright Violation)

30. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-29, inclusive, as though set forth herein at length.

31. By written agreement with the owner of the registered copyright (PA 2-066-333) of the Program, Plaintiff was assigned ownership of the right to distribute 17 U.S.C. 106(3) and authorize the public performance 17 U.S.C. 106 (4) of the Program.

32. The Defendants' unauthorized distribution and public performance of the Program through any means, including without limitation cable, satellite, or internet stream, was in violation of 17 U.S.C. 106 and 501.

33. Defendants' acts of infringement were not only willful, intenational and purposeful, but were also in complete disregard and indifference to Plaintiff's rights and Plaintiff is entitled to judgment in its favor and against each Defendant for statutory damages, plus interest, costs and attorney fees pursuant to 17 U.S.C. 505.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

**As to the First Count:**

1. For statutory and enhanced damages in the amount of $110,000.00 against the Defendants, and
2. For reasonable attorneys' fees as mandated by statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper;

**As to the Second Count:**

1. For statutory and enhanced damages in the amount of $60,000.00 against the Defendants, and;
2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For statutory damages in the discretion of the Court up to a maximum amount of $150,000.00 pursuant to 17 U.S.C. 504 (c) for a willful violation of 17 U.S.C. 501 and;

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to 17 U.S.C. 505, and;

4. For all costs of suit, including but not limited to filing fees, service of process fee, investigative costs, and;

5. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey L. Koberg*
**LAW OFFICES OF TIMOTHY M SULLIVAN**
Jeffrey L. Koberg (0047386)
25651 Detroit Road Suite 123
Cleveland, Ohio 44145
440-871-8805 ext 123
jkoberg@tmslaw.net
Attorneys for Plaintiff
Joe Hand Promotions, Inc.